**Exhibit A**

**Plaintiff Certification - Boston Communications Group, Inc. Class Action**

First Name: Adam

Last Name: Feldman

E-mail: adamfeldman@yahoo.com

Phone: 510-338-0086

I authorize and, upon execution of the accompanying retainer agreement by GLRS, retain Goodkind Labaton Rudoff & Sucharow LLP ("GLRS") to file an action under the federal securities laws to recover damages and to seek other relief against Boston Communications Group, Inc., ("Boston Communications Group, Inc."). GLRS will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by GLRS.

1. I have reviewed the complaint and authorized its filing.
2. I did not acquire the security that is the subject of this action at the direction of counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. I represent and warrant that I am fully authorized to enter into and execute this certification.
5. I will not accept any payment to serve as a representative party on behalf of the class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. During the three years prior to the date of this certification, I have not sought to serve or served as a representative party for a class in an action filed under the federal securities law except if detailed below:

---

Except those set forth in the following transaction list, I have made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action.

**Purchase transactions made during the Class period:**

| Date Shares Purchased | Number of Shares Purchased | Purchase Price per Share |
|---|---|---|
| 06/17/2003 | 1500 | 14.82 |
| 07/08/2003 | 1500 | 19.98 |
| 07/16/2003 | 1500 | 21.78 |

**Sale transactions made during the Class period:**

| Date Shares Sold | Number of Shares Sold | Sale Price per Share |
|---|---|---|
| 07/21/2003 | 3000 | 11.96 |
| 07/22/2003 | 1500 | 11.58 |

---

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: **Yes**

I understand that by submitting this form, I intend to sign and execute this agreement: **Yes**

Date: 11/12/2003

**Plaintiff Certification - Boston Communications Group, Inc. Class Action**

First Name: Beth

Last Name: Stockinger

E-mail: alberstock@aol.com

Phone: 612.925.2037

Address Line 1: 3515 Saint Paul Avenue

City: Minneapolis

State: MN

Zip Code: 55416

I authorize and, upon execution of the accompanying retainer agreement by GLRS, retain Goodkind Labaton Rudoff & Sucharow LLP ("GLRS") to file an action under the federal securities laws to recover damages and to seek other relief against Boston Communications Group, Inc., ("Boston Communications Group, Inc."). GLRS will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by GLRS.

1. I have reviewed the complaint and authorized its filing.
2. I did not acquire the security that is the subject of this action at the direction of counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. I represent and warrant that I am fully authorized to enter into and execute this certification.
5. I will not accept any payment to serve as a representative party on behalf of the class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. During the three years prior to the date of this certification, I have not sought to serve or served as a representative party for a class in an action filed under the federal securities law except if detailed below:

---

Except those set forth in the following transaction list, I have made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action.

**Purchase transactions made during the Class period:**

| Date Shares Purchased | Number of Shares Purchased | Purchase Price per Share |
|---|---|---|
| 7/16/03 | 3100 | 19.75 |

Securities were acquired via Employee stock purchase program, 401 K or other retirement plan

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: **Yes**

I understand that by submitting this form, I intend to sign and execute this agreement: **Yes**

Date: 11/28/2003

## CERTIFICATION

I, FRED DEN hereby certify as follows:

1. I did not purchase securities of Boston Communications Group, Inc. ("BCGI") at the direction of counsel or in order to participate in any private action under the federal securities laws;

2. I have reviewed a complaint prepared against BCGI alleging violations of the securities laws and I authorized the filing of this complaint;

3. I am willing to serve as a lead plaintiff in this matter, including providing testimony at deposition and trial, if necessary;

4. I have transactions in the securities of BCGI as reflected in Exhibit A hereto;

5. I have not sought to serve as a lead plaintiff in any class action under the federal securities laws during the last three years;

6. I will not accept payment for serving as a lead plaintiff beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 17, 2003

*[signature]*

# EXHIBIT A

## TRANSACTIONS.

| **TRANSACTION** (Purchase/Sale) | **TRADE DATE** (mm/dd/yyyy) | **PRICE** (per share) | **NO. OF SHARES** | **TOTAL COST / PROCEEDS** |
|---|---|---|---|---|
| Purchase | 7/11/03 | $20.5 | 2000 | $41,000 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

add further transactions below as necessary:

# Exhibit B



**Goodkind Labaton Rudoff & Sucharow LLP Announces Class Action Lawsuit against Boston Communications Group, Inc.**

479 words
12 November 2003
07:57
Business Wire
English
(c) 2003  Business Wire. All Rights Reserved.

NEW YORK Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton") filed a class action lawsuit on November 10, 2003 in the United States District Court for the District of Massachusetts, on behalf of persons who purchased or otherwise acquired publicly traded securities of Boston Communications Group, Inc.("Boston Communications" or the "Company") (NASDAQ:BCGI) between June 12, 2003 and July 16, 2003, inclusive, (the "Class Period"). The lawsuit was filed against Boston Communications and certain officers.

If you are a member of this class you can view a copy of the complaint and join this class action online at   http://www.glrs.com/get/?case=BostonCommunications .

The complaint alleges that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, and rule 10b-5 promulgated thereunder, by issuing false and misleading statements concerning the Company's business. Specifically, the complaint alleges that the Defendants issued false and misleading statements and had a duty to correct such statements concerning Boston Communications' relationship with Verizon Wireless.

In particular, analysts had raised concerns regarding the company's ability to maintain relationships with its primary customers, which accounted for the majority of the Company's revenue. Moreover, such concerns included the propensity for its customers to take services outsourced to Boston Communications, in-house. To allay investor fears concerning Boston Communications's customer concentration, the Company attempted to reassure investors that contract negotiations with Verizon Wireless, and other customers, were continuing as planned, despite a company policy not to do so.

On July 17, 2003, Verizon Wireless announced its intention to "insource" the Company's services. Announcement of the news caused shares of Boston Communications to plummet, falling 40% on heavy volume.

Plaintiff is represented by the law firm of Goodkind Labaton of New York, New York and Ft. Lauderdale, Florida. Goodkind Labaton is a pioneer in the field of investor protection, with over thirty years experience litigating securities class actions in courts throughout the country. Goodkind Labaton has over 50 attorneys in two offices and maintains an in-house staff of finance and accounting

specialists. **Goodkind** Labaton also has extensive trial experience and, most recently, concluded a class action trial resulting in a landmark $185 million verdict for the plaintiff class.

If you bought **Boston** Communications securities between June 12, 2003 and July 16, 2003, inclusive, you may qualify to serve as lead plaintiff. Lead Plaintiff papers must be filed with the court no later than January 12, 2004. If you would like to consider serving as lead plaintiff or have any questions about the lawsuit, please contact one of our representatives at investorrelations@glrslaw.com or Christopher Keller, Esq. at 800-321-0476.

**Goodkind** Labaton Rudoff & Sucharow LLP Christopher Keller, Esq., 800-321-0476investorrelations@glrslaw.com

Document BWR0000020031112dzbc003pd

# Exhibit C

## RESUME OF

## GOODKIND LABATON RUDOFF & SUCHAROW LLP

Goodkind Labaton Rudoff & Sucharow LLP ("GLR&S") is a firm consisting of over 52 lawyers and 10 paralegals with offices in New York and Florida. Formed in 1963, the firm is now in its fortieth year of practice. Since its inception, GLR&S has been engaged in major complex litigation throughout the country. GLR&S has successfully prosecuted and is presently actively prosecuting representative actions (principally class, mass and derivative actions) in the securities, limited partnership, ERISA, medical device, product liability, consumer, and tort areas. GLR&S frequently serves as lead counsel or as a member of Plaintiffs' Executive Committee in major litigations. Such actions include those successfully brought against Prudential Securities Incorporated, PaineWebber Incorporated, New York Life Insurance Company, Spectrum Information, Dun & Bradstreet Corporation, General Motors Corporation, PepsiCo, Sambo's, NYC Housing Development Corporation, Equity Funding Corporation of America, Boeing Company, International Telephone & Telegraph Corporation, LTV Corporation, Financial Corporation of America, Petro-Lewis Corporation, Time Warner, Inc., Square D Corporation and Revlon Inc., among many others.

Numerous courts have had occasion to comment upon the expertise and experience of the firm. GLR&S was co-lead counsel for plaintiffs in *In re Revlon Pension Plan Litigation*, 91 Civ. 4996 (JES), an action before Judge Sprizzo in the United States District Court for the Southern District of New York. Following Edward Labaton's presentation in support of final approval of the settlement of the action, Judge Sprizzo, at page 6 of the transcript of July 8, 1994, complimented the work of Mr. Labaton and GLR&S, stating:

> "The recovery is all they could have gotten if they had been successful. I have probably never seen a better result for the class

than you have gotten here. * * * The case has been competently handled by both lawyers whom I know personally and I know their reputation in these cases. I have had no unnecessary proliferation of expenses. It has been a very well handled case from the beginning, with a minimum of judicial interference because the parties did not see fit to waste my time with such."

In his Findings and Conclusions on Award of Attorney's Fees and Expenses, entered May 18, 1994 (pp. 12-14) in *In re Prudential-Bache Energy Income Partnerships Securities Litigation*, MDL No. 888, an action in which Lawrence Sucharow of GLR&S served on the Executive Committee of Plaintiffs' counsel and which achieved a settlement of more than $90 million, Judge Marcel Livaudais, Jr. of the United States District Court for the Eastern District of Louisiana observed that

"Counsel were all experienced, possessed high professional reputations and were known for their abilities. Their cooperative effort in efficiently bringing this litigation to a successful conclusion is the best indicator of their experience and ability …."

"The Executive Committee is comprised of law firms with national reputations in the prosecution of securities class action and derivative litigation. The biographical summaries submitted by each member of the Executive Committee attest to the accumulated experience and record of success these firms have compiled.

\* \* \*

Moreover ... all counsel have prosecuted the case in an efficient, cooperative and diligent manner, bringing the litigation to a swift and successful conclusion for the benefit of all members of the proposed class."

In approving the $110 million partial settlement, in *In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005(MP) (S.D.N.Y.), where GLR&S served as the Chair of an eight-member Executive Committee, of which both Lawrence A. Sucharow and Joel H. Bernstein of GLR&S were members, Judge Milton Pollack, citing the "herculean" effort of plaintiffs' counsel, stated:

2

> But this case represents a unique recovery – a recovery that does honor to every one of the lawyers on your side of the case.

Transcript of Settlement Hearing, November 17, 1995, p. 138.

GLR&S was a lead attorney in an action against PaineWebber on behalf of clients who had been induced to invest in ill-conceived limited partnerships. In approving the advantageous settlement obtained for the class in *In re PaineWebber Limited Partnerships Litigation*, Master File 94 Civ. 8547 (SHS), Judge Sidney H. Stein, of the Southern District of New York stated, at page 11 of his March 27, 1998 Opinion and Order:

> The Court, having had the opportunity to observe first hand the quality of Class Counsel's representation during this litigation, finds that Class Counsel's representation of the Class has been of high caliber in conferences, in oral arguments and in work product. In addition, few could blink at the substantial results achieved in this litigation for the Class, totaling an estimated $200 million, plus interest.

Judge John S. Martin, Jr. of the Southern District of New York has also complimented GLR&S's superb work. During the proceedings of November 7, 1997 in *Jolly v. Pittore*, 92 Civ. 3593 (JSM), Judge Martin expressed the view, at page 22 of the transcript, that not only was the fee being requested by GLR&S, the sole class counsel, "very reasonable and appropriate," but that "class counsel has performed superbly in this case."

In the decision of Judge Lasker in *Rosengarten v. International Telephone & Telegraph Corp.*, summarized at [1981 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,876 (S.D.N.Y. 1981), Judge Lasker says, with respect to the firm, "Counsel are attorneys of experience and of good repute in the fields of stockholder actions ..." and "they served the corporation and its stockholders with professional competence as well as admirable diligence, imagination and tenacity". GLR&S's work also received favorable comment from Judge Haight in *Greene v. Emerson's Ltd.*, 86 F.R.D. 47, 62 (S.D.N.Y. 1981) (wherein the court had occasion

3

to characterize the firm as "effective, vigorous and experienced in the field ..."). In his order in 1987 approving the settlement of a class action brought against Gambro AB (*Abbey v. Gambro AB*, 85 Civ. 1717(EW) (S.D.N.Y. 1987) the "*Gambro* action"), the late Judge Edward Weinfeld of the Southern District of New York commented favorably on the high quality of the work performed by GLR&S.

Similarly, in approving a settlement, which was arrived at after seven weeks of trial before a jury and resulted in a recovery of $7 million on behalf of purchasers of stock of Sambo's Restaurants, Inc., Judge Whitman Knapp of the Southern District of New York characterized the work of GLR&S in that case as "spectacular." *Kreindler v. Sambo's Restaurants, Inc.*, 79 Civ. 4538(WK) (S.D.N.Y.). On the record of the public hearing on the proposed settlement in *Peter Stuyvesant, Ltd. v. Druz*, 89 Civ. 3611(MCG), held October 31, 1991, Judge Miriam Goldman Cedarbaum of the Southern District of New York took the occasion to compliment the work of both GLR&S and Edward Labaton, a partner of the firm, commenting "you have done a fine and effective job of representing the class here."

In *Park Lane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979), a class action, GLR&S succeeded in obtaining the landmark Supreme Court decision relating to the offensive use of the collateral estoppel. GLR&S obtained another landmark decision in the area of class actions in *Boeing Company v. Van Gemert*, 444 U.S. 472 (1980). GLR&S acted as lead counsel in the *General Motors Diesel Litigation*, 81 Civ. 1252(HB) (E.D.N.Y.), which was prosecuted on behalf of owners of certain diesel automobiles manufactured by General Motors Corporation. That action resulted in a settlement of more than $18 million, at the time, one of the largest settlements ever obtained in a consumer class action. As co-lead counsel in the class actions involving *Petro Lewis Corp.*, 84 Civ. 326 (D. Colo.), GLR&S succeeded in obtaining a

4

settlement valued by the court at $113.5 million.  GLR&S also served as co-lead counsel in a class action brought on behalf of purchasers of the common stock of *PepsiCo, Inc.*, 82 Civ. 8403(ADS) (S.D.N.Y.).  The class recovered $21.5 million as a result of the vigorous prosecution of that action.  In *Weckstein v. Breitbart*, Index No. 19639/83, GLR&S tried an action in the Supreme Court of the State of New York, County of New York, on behalf of limited partners alleging gross breaches of fiduciary duty by the general partner.  After the trial, the court rendered a verdict removing the general partner, appointing a receiver and awarding damages of more than $7.5 million.  GLR&S chaired the Executive Committee of Plaintiffs' Counsel which prosecuted the *In re Todd Shipyards Securities Litigation*, Master File No. 88-2580(DRD) (D.N.J.), to a $12.6 million settlement on behalf of the class.

In four recently settled actions, GLR&S undertook a lead role in obtaining benefits for class members of $200 million (*In re PaineWebber Incorporated Limited Partnerships Litigation*, 94 Civ. 8547(SHS) (S.D.N.Y.) – member of six-lawyer executive committee); $110 million partial settlement (*In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005(MP) (S.D.N.Y.) – chairman of eight-lawyer executive committee); $91 million (*In re Prudential Bache Energy Income Partnerships Securities Litigation*, MDL-888(ML) (D. La.) – member six-lawyer executive committee); and $92 million (*Shea v. New York Life Insurance Company*, Civ. 96-0746 (S.D. Fla.) – Co-lead counsel).

GLR&S has discharged its responsibilities as lead and co-lead counsel in complex cases in an efficient, effective and cooperative manner.  In *In re Energy Systems Equipment Leasing Securities Litigation*, MDL-637(LDW) (E.D.N.Y.), a multi-faceted, multi-district litigation in which GLR&S acted as co-lead counsel for the plaintiffs, Judge Wexler of the Eastern District of New York, complimented the firm for the efficient manner in which the

5

complex litigation proceeded and cited the cooperation and efficiency of plaintiffs' counsel as an example to be emulated by counsel in other actions.

GLR&S is presently prosecuting numerous complex civil actions in a leadership capacity on behalf of investors or victims.  Class or mass actions in which GLR&S currently has an active leadership role include:  *In re Prudential Securities Incorporated Limited Partnerships Litigation*, MDL-1005 (S.D.N.Y.); *Lewis v. Turner Broadcasting*, Consol. Civ. Action No. E-41500 (Sup. Ct. Fulton County, Ga.); *New York Tobacco Litig.*, CA No. 96-110952 (Sup. Ct., N.Y. County, N.Y.); *Gunter, et al. v. Ridgewood Energy Corporation, et al.*, Civil No. 95-438 (WHW) (D.N.J.).

Among the attorneys at GLR&S who are involved in the prosecution of this action are Jonathan M. Plasse and Christopher J. Keller.  A short description of the qualifications and accomplishments of each follows.

***Jonathan M. Plasse*** graduated from Brooklyn Law School in 1976.  While at GLR&S he has concentrated his practice on the litigation of securities and other class actions.  Mr. Plasse is a member of the Association of the Bar of the City of New York and has lectured on securities law and consumer class actions.  Mr. Plasse has successfully prosecuted numerous securities fraud, transaction related, and consumer class actions, including the following cases in which the firm served as lead or co-lead counsel:

- *In re National Health Laboratories Derivative Litig.* (derivative settlement of $20 million);

- *Kaplan v. General Motors Corp.*, 81 Civ. 1252 (HB) (E.D.N.Y.) (consumer class action settled for $22.5 million);

6

- *Steiner v. Figgie International, Inc.*, 1:94 Civ. 0805 (J. Manos) (N.D. Ohio, Eastern Div.) (securities class action settled for $7.5 million).

- *In re Home Shopping Network Shareholders Litig.*, C.A. No. 12868 (Del. Ch.) (settlement of $13.9 million);

- *In re U.S. Alcohol Testing of America Sec. Litig.*, S.A. CV 92-123 (LHM) (C.D. Ca.) (securities class settlement for $4.6 million);

- *In re Avon Products Inc. Sec. Litig.*, 89 Civ. 6216 (MEL) (S.D.N.Y.) (securities claim settled for $6.4 million).

- *In re Gibson Greetings Inc. Sec. Litig.*, (No. C-1-94-445) (J. Beckwith) (S.D. Ohio) (pending securities class action);

- *In re Computron Software Inc. Sec. Litig.*, Civ. Action No. 96-1911 (D.N.J.) (AJL) (pending securities class action).

*Christopher J. Keller* received a B.A. degree from Adelphi University in 1993 and received his J.D. from St. John's University School of Law in 1997. He is admitted to the New York bar and the Southern and Eastern Districts of New York. Mr. Keller joined the firm as an associate in 2000. His practice includes the representation of clients in securities class actions, with a focus on protecting investors in limited partnerships, and the full range of consumer related suits.

Mr. Keller is an active member of the bar, with memberships in several professional groups including the New York State Bar Association and the New York County Lawyers' Association.