# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED DEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A WALKER and EDWARD H. SNOWDEN,<br><br>Defendants. | Civil Action No.: 03-cv-12211 DPW |
| RONALD C. WON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A WALKER and EDWARD H. SNOWDEN,<br><br>Defendants. | Civil Action No.: 03-cv-12244 DPW |
| MICHAEL F. STALKA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A WALKER and EDWARD H. SNOWDEN,<br><br>Defendants. | Civil Action No.: 03-cv-12486 WGY |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
MICHAEL F. STALKA FOR CONSOIDATION, APPOINTMENT AS LEAD
<u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Plaintiff Michael F. Stalka ("Stalka") hereby respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Stalka's selection of Lead Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against Boston Communications Group, Inc.. ("BCGI" or the "Company"), and certain officers and/or directors of the Company (all collectively, "Defendants"), alleging violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all purchasers of the securities of BCGI between June 12, 2003 and July 16, 2003, inclusive (the "Class Period").

Mr. Stalka purchased 4,000 shares of BCGI common stock during the Class Period and suffered losses[1] of approximately $18,640 as a result of defendants' misconduct. The Plaintiff herein seeks Court approval of his selection of Lead Counsel for plaintiff and the Class as set forth herein. As discussed below, the Plaintiff has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff in these Actions.

---

[1] The losses suffered by Mr. Stalka are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D and based on information concerning the current market for the Company's common stock. See Declaration of Theodore M. Hess-Mahan, Esq., January 12, 2004 (the "Hess-Mahan Decl."), Ex. C.

**PROCEDURAL BACKGROUND**

On October 23, 2003, the plaintiff in the Den action[2] filed the first of these related complaints on behalf of a class consisting of all persons who purchased the securities of BCGI during the proposed Class Period.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 12, 2003, plaintiff in the Den action published notice of the pendency of the action over a widely-available, national business-oriented wire service, Business Wire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice, i.e., by January 12, 2004.  See Hess-Mahan Decl., Ex. A.  Hess-Mahan is filing this motion within the 60-day period following publication of the November 12, 2003 notice given by plaintiff therein.

**STATEMENT OF FACTS**[3]

Plaintiff purchased shared of BCGI common stock during the Class Period.  Defendant, BCGI, provides real-time subscriber management services to the wireless industry through a combination of proprietary software applications, a carrier-class-hosted environment, a voice resource network and a service and support organization. Its operating segments consist of billing and transaction processing services, roaming services and prepaid systems. Billing and transaction processing services offerings allow wireless carriers to access its voice resource network and transaction processing platform, enabling such carriers to offer prepaid wireless calling to their subscribers. Roaming services provide wireless carriers the ability to generate revenues from subscribers who are not covered under traditional roaming agreements by

---

[2]   Den v. Boston Communications Group, Inc., et al., 03 CV 12211 (DPW) (D.Mass.)

[3]   These facts are derived from the allegations contained in the class action complaint styled Stalka v. Boston Communications Group, Inc., et al., 03 CV 12486 (WGY) (D.Mass.).

arranging payment for roaming calls. The prepaid systems segment assembles and markets prepaid systems to international carriers and assembles the voice nodes used to support its voice resource network.

Throughout the Class Period, defendants issued statements, press releases, and filed quarterly and annual reports with the SEC describing the Company's business operations and financial condition. These representations were materially false and misleading because they failed to disclose that throughout the Class Period, the Company knew or should have known that it was going to lose a significant portion of its revenue stream. In anticipation of this, the Individual Defendants sold a great number of their personal shares to the unsuspecting public at inflated prices.

The information concerning BCGI's relationship with Verizon as disclosed in an April 16, 2003 press release was misleading. Before releasing the information, BCGI knew or was reckless in not knowing, that Verizon was seriously considering various alternatives to contract renewal, including the development of internal capabilities, or "insourcing," the work being performed by BCGI, or the use of a competitor's products. At the time the information was disclosed therefore, BCGI knew, or was reckless in not knowing, that the negotiations were anything but "customary" and that, more than ever, BCGI was at risk of losing Verizon as a customer and therefore 52% of the Company's revenue.

## ARGUMENT

### I.    THE ACTIONS SHOULD BE CONSOLIDATED

The above-captioned actions involve class action claims on behalf of all who purchased BCGI securities during the Class Period and assert essentially similar and overlapping class claims. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281,

1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here, and the Actions should be consolidated.

## II.     MICHAEL F. STALKA SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Den action caused notice to be published on Business Wire on Novenmber 12, 2003. See Hess-Mahan Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

      (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  <u>See</u> generally <u>Groebel v. FTP Software</u>, 939 F. Supp. 57, 64 (D.Mass. 1996).

      **B.**    <u>**Michael F. Stalka Satisfies the "Lead Plaintiff" Requirements of the PSLRA**</u>

          **1.**    <u>**Michael F. Stalka Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**</u>

      The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on January 12, 2004.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on November 12, 2003), Michael F. Stalka herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

      Michael F. Stalka has duly signed and filed certifications stating that they have reviewed the complaint filed in the action and is willing to serve as a representative party on behalf of the Class.  <u>See</u> Hess-Mahan Decl., Ex. B.  In addition, Mr. Stalka has selected and retained experienced and competent counsel to represent themselves and the Class.  <u>See</u> Hess-Mahan Decl., Ex. D.

      Accordingly, Mr. Stalka has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and his selection of counsel, as set forth herein, considered and approved by the Court.

          **2.**    <u>**Mr. Stalka Has the Largest Financial Interest in the Relief Sought By the Class**</u>

      According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Mr. Stalka acquired 4,000 shares of BCGI common stock during the Class Period and suffered collective losses of approximately $18,640 as a result of defendants' misconduct. Mr. Stalka herein has a significant financial interest in this case.

Mr. Stalka herein has not received notice of any other applicant or applicant group that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock. Therefore, Mr. Stalka satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.     Mr. Stalka Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20; Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

Mr. Stalka satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff. Under Rule 12(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F. 2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. Of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992). See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

Mr. Stalka seeks to represent a class of investors who purchased BCGI securities during the Class Period, who have identical, non-competing and non-conflicting interests. Mr. Stalka satisfies the typicality requirement, because he: (i) acquired BCGI securities; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Mr. Stalka "arise[] from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met

8

by : (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, Mr. Stalka is an adequate representative of the class. As evidenced by the injury suffered by Mr. Stalka, who acquired BCGI securities at prices allegedly artificially inflated by defendants' violations of the federal securities laws, the interests of Mr. Stalka are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Stalka's interests and those of the other members of the class. In addition, as shown below, Mr. Stalka's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Stalka prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

### III.  THE COURT SHOULD APPROVE MICHAEL F. STALKA'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, Mr. Stalka has selected and retained Wolf Haldenstein Adler Freeman & Herz LLP to serve as Lead Counsel for the Class. Wolf Haldenstein Adler Freeman & Herz LLP has extensive experience in successfully prosecuting complex securities actions and have frequently appeared in major actions in this and other courts. See Hess-Mahan Decl., Ex. D.

Because there is nothing to suggest that Mr. Stalka or his counsel will not fairly and adequately represent the Class, or that Mr. Stalka is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should

9

appoint Mr. Stalka as Lead Plaintiff and approve his selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Michael F. Stalka respectfully requests that the Court: (i) consolidate the actions referenced in the instant captions; (ii) appoint Michael F. Stalka as Lead Plaintiff in the Actions; and (iii) approve Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

Dated: January 12, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/ Theodore M. Hess-Mahan
Theodore M. Hess-Mahan, Esq.
75 State Street
Boston, MA  02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134


**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ, LLP**
Fred T. Isquith, Esq.
Christopher S. Hinton, Esq.
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653


**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy, Esq.
265 Llwyds Lane
Vero Beach, FL 32963
Telephone: (772) 231-4020

345805

10