UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED DEN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) Civil Docket for Case No.: |
| Plaintiff, | ) 1:03-cv-12211-DPW ) |
| v. | ) ) |
| KAREN A. WALKER, EDWARD H. SNOWDEN and BOSTON COMMUNICATIONS GROUP, INC., | ) Hon. Douglas P. Woodlock ) ) |
| Defendants. | ) ) |

*(Additional captions on following page)*

MEMORANDUM OF LAW OF FELDMAN GROUP IN OPPOSITION TO THE MOTION OF MICHAEL F. STALKA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL

——————————————————————— x
RONALD C. WON, Individually and On Behalf of    )
All Others Similarly Situated,                  )
                                                )
                                                )   Civil Docket for Case No.:
            Plaintiff,                          )   1:03-cv-12244-DPW
                                                )
     v.                                         )
                                                )
BOSTON COMMUNICATIONS GROUP, INC.,              )   Hon. Douglas P. Woodlock
KAREN A. WALKER and EDWARD H. SNOWDEN,          )
                                                )
            Defendants.                         )
                                                )
——————————————————————— x
MICHAEL F. STALKA, On Behalf of Himself and     )
All Others Similarly Situated,                  )
                                                )
                                                )   Civil Docket for Case No.:
            Plaintiff,                          )   1:03-cv-12486-WGY
                                                )
     v.                                         )
                                                )
BOSTON COMMUNICATIONS GROUP, INC.,              )   Hon. William G. Young
KAREN A. WALKER and EDWARD H. WALKER,           )
                                                )
            Defendants.                         )
                                                )
——————————————————————— x

**PRELIMINARY STATEMENT**

Before this Court are two competing motions for the appointment of lead plaintiff and lead counsel in these securities class actions. The Feldman Group, who suffered losses of more than $73,160 in connection with their purchases of the common stock of Boston Communications Group, Inc. ("BCGI" or the "Company") during the putative Class Period of April 16, 2003 through July 16, 2003, inclusive, (the "Class Period")[1], respectfully submits this memorandum of points and authorities in opposition to the competing motion of Michael F. Stalka ("Stalka").

Stalka has claimed losses of $18,640. This is far less than the $73,160 in losses of the Feldman Group. See Certifications annexed as Exhibit A to the January 12, 2003 Declaration of Christopher Keller ("Keller Decl."). In fact, two of the three members of the Feldman Group have <u>individual</u> losses that also far exceed Stalk's claimed losses. *Mr. Feldman, individually, lost $31,600. And Ms. Stockinger lost $24,338.*

The Feldman Group therefore has the largest financial interest of any person or group of persons that has sought to be appointed as lead plaintiff here. No competing movant has submitted evidence or even suggested that the Feldman Group will not fairly and adequately represent the interests of the class. Therefore, this Court should grant the Feldman Group's motion and deny Stalka's motion.

**Procedural Background**

Three similar class action complaints have been filed in this Court against BCGI and its senior executive officers. These complaints allege, in essence, that during the Class Period,

---

[1] The other complaints, including the *Stalka* complaint, also alleged a class period beginning on April 16 and ending on July 16, 2003. However, Stalka's moving papers inconsistently state that the Class Period is June 12,

*(continued ... )*

Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, and rule 10b-5 promulgated thereunder, by issuing false and misleading statements regarding the Company's ability to maintain relationships with its primary customers, which accounted for the majority of the Company's revenue. When it was finally disclosed, on July 17, 2003, that Verizon Wireless, by far BCGI's largest customer, may be "insourcing" BCGI's services, shares of BCGI plummeted, falling 40% in a single day on more than twenty-five times normal trading volume.



Both the Feldman Group and Stalka have moved to consolidate this and all related actions in this Court pursuant to Federal Rule 42(a). No opposition to consolidation is anticipated.[2]

---

( ... continued)

2003 to July 16, 2003. If the Feldman Group is appointed Lead Plaintiff, a consolidated amended complaint will be filed that will resolve any differences in class periods, to the extent they exist.

[2] Presently pending in this District are the following three related securities class actions: *Den v. Boston Communications Group, et al.*, 1:03-CV-12211-DPW; *Won v. Boston Communications Group, et al.*, 1:03-CV-12244-DPW; *Stalka v. Boston Communications Group, et al.*, 1:03-CV-12486-WGY.

Pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), a notice was published on November 12, 2003 advising class members of the pendency of the above-titled *Den* action and their right to move to appointed lead plaintiff within 60 days. See Press Release, November 12, 2003, Keller Decl. Ex. B. The Feldman Group timely filed their motion for appointment as lead plaintiff and approval of their selection of Goodkind Labaton Rudoff & Sucharow LLP as lead counsel.

## ARGUMENT

**A. THE FELDMAN GROUP HAS A LARGER FINANCIAL INTEREST THAN STALKA AND THEREFORE IS THE PRESUMPTIVE LEAD PLAINTIFF**

As set forth in the Feldman Group's initial memorandum, in determining who is the "most adequate plaintiff":

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Exchange Act § 21D(a)(3)(B)(iii)(I); see *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass 2001).  The Feldman Group established that their motion for appointment as lead plaintiff was timely and that the Feldman Group otherwise satisfies the applicable

- 3 -

requirements of Rule 23.[3]  Review of the competing motion demonstrates conclusively that the Feldman Group is the movant with the largest financial interest in the actions, entitled to the presumption as the most adequate plaintiff.

Courts have generally considered the following four factors in determining which lead plaintiff movant has the largest financial interest: (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the net funds expended during the class period, and (4) the approximate losses suffered by the plaintiff from the alleged fraud.  *See In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1107 (N.D. Cal. 2001) (*citing In re Olsten Corp.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)).  Under all four of these "*Olsten*" factors, the Feldman Group clearly has a larger financial interest than Stalka.

|  | **The Feldman Group** | *Feldman* | *Stalka* |
|---|---|---|---|
| *Shares purchased* | **9,600** | 4,500 | 4000 |
| *Net shares purchased* | **9,600** | 4,500 | 4000 |
| *Net funds expended* | **$187,095.00** | $84,870 | $68,340 |
|  |  |  |  |
| *Approximate losses* | **$73,160** | $31,620 | $18,640 |

The Feldman Group purchased more than twice the number of shares, and suffered a loss greater than three times the size of Stalka's. As the chart demonstrates, Mr. Feldman alone purchased more shares than Stalka during the Class Period and suffered almost twice Stalka's loss. The Feldman Group is, therefore, the presumptive lead plaintiff movant because it has the largest financial interest in the actions. Where, as here, neither Stalka, nor any other class member, has submitted proof rebutting this presumption, the Feldman Group should be appointed as the sole lead plaintiff.  *See* Exchange Act § 21D(a)(3)(B)(iii)(II) (presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively

---

[3] *See, e.g., In re Tyco Int'l, Ltd. Secs. Litig.*, U.S. Dist. LEXIS 13390 at *20-21 n. 10 (D.N.H. 2000) (Rule 23 inquiry on lead plaintiff motion limited to movant's typicality and adequacy; examination of other criteria properly deferred until class certification motion filed); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999) (same).

- 4 -

most adequate plaintiff . . . will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id.

Stalka will likely claim that the Feldman Group, comprised of three large investors should not be appointed as lead plaintiff because a handful of courts outside this Circuit have found that a group of unrelated individuals should not be appointed lead plaintiff. But, as recognized in *In re The First Union Corp., Secs. Lit.*, 2000 U.S. Dist. LEXIS 2267, at *12 (W.D.N.C. Jan. 27, 2000), there is now "an <u>overwhelming</u> weight of authority allowing the appointment of such an unrelated group to serve as lead plaintiffs." (emphasis added). Moreover, courts in the First Circuit uniformly find that a small, cohesive lead plaintiff group consisting of between three and five investors (such as the Feldman Group) is preferred, even without a prelitigation relationship. In *In re Lernout & Hauspie Sec. Litig,* for example, the Court appointed a group of three investors as lead plaintiff finding that, "[o]ther courts, including ones in this circuit, have not read a prior relationship rule into the PSLRA.." 138 F. Supp. 2d at 43-4.

Indeed, this Court appointed as lead plaintiff a group of investors in *Blatt v. Muse Techs., Inc.*, U.S. Dist. LEXIS 18466 (D. Mass. 2002) (J. Woodlock) (appointing lead plaintiff "group consisting of Blatt and the married couple of George and Sara Rhodes."); see also *In re Tyco Int'l, Ltd. Sec. Litig.*, U.S. Dist. LEXIS 13390, *16 (D.N.H. Aug. 17, 2000) (appointing a three investor group as lead plaintiff and noting that, "while a group comprised of many small shareholders might be unwieldy and lack the proper incentive to serve as an effective lead plaintiff...a group that consists of a small number of large shareholders should be capable of managing this litigation and providing direction to class counsel."); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64-65 (D. Mass. 1996) (appointing group of three individuals as lead plaintiff); *In re Nice Sys. Secs. Lit.*, 188 F.R.D. 206, 220-21 (D.N.J. 1999) (appointing group of five individuals as lead plaintiff).

In addition to being the majority view (and the view of courts in the First Circuit), the Securities and Exchange Commission ("SEC") has taken the formal position that the PSLRA

- 5 -

allows for the appointment of a small number of unrelated investors as a lead plaintiff group. As noted by the court in *In re Baan Co. Secs. Lit.*, 186 F.R.D. 214, 216 (D.D.C. 1999), the SEC believes that use of the term "group of persons" in the PSLRA should not be limited to only persons who have a pre-existing relationship and optimally should be comprised of three to five investors. The formal SEC position is as follows:

> Construing the term 'group of persons' in light of the language and purposes of the Act, a court generally should only approve a group that is small enough to be capable of effectively managing the litigation and the lawyers. The Commission believes that ordinarily this should be no more than three to five persons, a number that will facilitate joint decision making and also help to assure that each group member has a sufficiently large stake in the litigation. *Id*. at 216-17.

The court in *Baan* agreed with the position of the SEC and appointed a three-person group as lead plaintiff, finding "a triumvirate is preferable." *Id*. at 217. *See also In re Universal Access, Inc.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002) ("the appointment of a group of persons to act as Lead Plaintiff is appropriate under the PSLRA and, indeed, is sometimes favored in light of the diversity of experience and interests of the group members.").[4] Accordingly, given the uniformity of the law favoring appointment of a small lead plaintiff group in the First Circuit, the Court should find that (1) the Feldman Group, comprised of three large investors, is an appropriate "group of persons" under the PSLRA, (2) has the largest financial interest in the actions, and (3) is therefore the presumptive lead plaintiff.

---

[4] If the Court chooses not to aggregate the losses of the Feldman Group for purposes of determining which movant has the largest financial interest, Mr. Feldman's investments in BCGI common stock during the Class Period are much greater than Stalka's, making the Feldman Group the movant with the largest financial interest in any event. *See In re SureBeam Sec. Litig*., Case No. 03 CV 1721 at 11 (S.D. Cal. January 5, 2004) (Without deciding aggregation issue, Court found that "FMC Pension Group is still the plaintiff with the largest financial interest. FMC Pension still includes the single investor with the largest sustained loss, Spear Capital.") (Annexed hereto as Exhibit 1).

**B.     THE COURT SHOULD APPROVE
        THE FELDMAN GROUP'S CHOICE OF LEAD COUNSEL**

The Feldman Group seeks this Court's approval of their choice of Goodkind Labaton Rudoff & Sucharow LLP to serve as lead counsel for the Class. See Exchange Act § 21D(a)(3)(B)(v). As the Feldman Group's moving papers show, Goodkind Labaton is among the preeminent law firms representing plaintiffs in securities class actions, and is skilled and experienced in the prosecuting the type of claims asserted here. See Firm Resume, Aug. 22, 2003 Keller Decl. Ex. C. Stalka has not cast any doubt on Goodkind Labaton's qualifications to serve as lead counsel.

## CONCLUSION

For the foregoing reasons, the Feldman Group respectfully requests that this Court: (a) consolidate the above-titled and related actions; (b) appoint the Feldman Group as sole lead plaintiff in the consolidated actions; (c) approve the selection of Goodkind Labaton Rudoff & Sucharow LLP as sole lead counsel for the class; and (d) deny Stalka's competing motion for appointment of lead plaintiff and lead counsel.

Dated: January 26, 2004

                          Respectfully submitted,

                          **GOODKIND LABATON RUDOFF
                          & SUCHAROW LLP**

                          /s/Christopher J. Keller
                          Jonathan M. Plasse
                          Christopher J. Keller
                          100 Park Avenue
                          New York, New York 10017
                          (212) 907-0700

                          *Attorneys for Feldman Group
                          And Proposed Lead Counsel for the Class*