1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Master File No. C-03-0558 MMC |
| ATMEL CORPORATION SECURITIES LITIGATION | **ORDER GRANTING PLAINTIFF KEITH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF; DENYING MOTIONS OF CARPENTERS' PENSION FUND GROUP AND SHAW GROUP FOR APPOINTMENT AS LEAD PLAINTIFF** |
| This document relates to: | |
| All actions | (Docket Nos. 17, 24, 32) |

Before the Court are three motions for appointment as lead plaintiff filed, respectively, by (1) United Brotherhood of Carpenters Pension Fund, Jerry Green, Robert Brunner and John Lucas ("Carpenters' Pension Fund Group"), (2) Mark Shaw, Edward Klug and Vonda Tankersley ("Shaw Group") and (3) Charles C. Keith ("Keith").

The motions came on regularly for hearing on May 16, 2003, at which time the Court, lacking a sufficient showing by any group of plaintiffs or individual plaintiff of adequacy to represent the class, afforded each of the moving parties the opportunity to file a "supplemental declaration addressing the qualifications of any proposed lead plaintiff and the relationship between the members of any proposed lead plaintiff group." See Order Setting Further Briefing Schedule, filed May 16, 2003; In re Cavanaugh, 306 F. 3d 726, 732 (9th Cir. 2002) (holding "district court has latitude as to what information it will consider in determining typicality and adequacy"). Having considered the papers filed in support of and in opposition

1  to the respective motions, the supplemental filings by Carpenters Pension Fund Group and by

2  Keith, and the arguments of counsel made at the hearing, the Court rules as follows.

3      Carpenters Pension Fund Group is a group of three individuals and one entity that, by

4  aggregation of the alleged losses of its four unrelated members, has the largest claimed

5  financial interest in the relief sought by the class.  The Court finds, however, that Carpenters

6  Pension Fund Group has not made a sufficient showing of its adequacy to represent the class.

7  The group members have not provided, with either their initial or supplemental filings, any

8  information about themselves, other than the fact they incurred financial losses as a result of

9  investing in securities issued by defendant Atmel Corporation ("Atmel") and that they have

10 selected the same law firm for representation.  Moreover, other than offering conclusory

11 statements that the members "choose to work together to prosecute this action" and that they

12 "have conferred with one another and [their] selected class counsel in connection with [their]

13 joint prosecution of the litigation and will continue to work together with counsel to provide fair

14 and adequate representation and obtain the largest recovery for the class consistent with

15 good faith and sound judgment," the members of the group have not shown they can or will

16 function as a cohesive, unified group.  See Joint Decl. Of the Carpenters' Pension Fund

17 Group, filed May 30, 2003, ¶¶ 3, 4; see also In re Microstrategy Inc. Sec. Litig., 110 F. Supp.

18 2d 427, 437 (E.D. Va. 2000) (denying group of unrelated plaintiffs' motion for appointment as

19 lead plaintiff where members failed to show "group was cohesive, comprised of like-minded

20 members, or otherwise likely to function as a unified group"); cf. In re Versata, Inc. Sec. Litig.,

21 2001 WL 34012374, *6-7 (N.D. Cal. 2001) (granting group of unrelated plaintiffs' motion for

22 appointment as lead plaintiff where group submitted "background information" about each

23 member and offered evidence its members established "a regular meeting calendar, a

24 mechanism for 'emergency' meetings, and a procedure to resolve disagreements between

25 members and avoid impasse").

26     The Shaw Group is a group of three individuals that, by aggregation of the alleged

27 losses of its three unrelated members, has the second largest claimed financial interest in the

28 relief sought by the class.  The Court finds, however, that the Shaw Group has not made a

1   sufficient showing of its adequacy to represent the class.  As is the case with Carpenters

2   Pension Fund Group, the members of this group have not provided any information about

3   themselves, other than the fact they incurred financial losses as a result of investing in

4   securities issued by Atmel and that they have selected the same law firm for representation.

5   Moreover, the members of this group, each of whom lives in a different state, (see Bishop

6   Decl. Ex. A), have not attempted to show that they can or will function as a cohesive, unified

7   group.[1]

8         Keith, the remaining moving party, alleges the highest single loss of any plaintiff,

9   $688,698.71.  (See Lin Decl., filed April 8, 2003, Exs. A, B.)  Keith's claims appear typical of

10  the class.  Moreover, Keith has made a prima facie showing of his adequacy to represent the

11  class.  In particular, Keith has selected counsel with substantial experience in the field (see id.

12  Exs. D, E),[2] has offered evidence of his business background and supervisory experience

13  (see Keith Decl., filed May 30, 2003, ¶ 1),[3] and further has expressed his intent to "be in

14  regular contact" with his chosen counsel, to discuss with counsel the efforts to gather evidence

15  and all other aspects of the litigation, to "provide streamlined guidance" to counsel, and to

16  keep "up to date" on developments in the case.  (See id. ¶ 4.)  As no other plaintiff has offered

17  evidence or otherwise suggested that Keith's showing is insufficient, Keith's motion for

18  appointment as lead plaintiff will be granted.  See Cavanaugh, 306 F. 3d at 739 (holding

19  plaintiff with largest claimed loss should be appointed where such plaintiff has made prima

20  facie showing of typicality and adequacy, unless other parties offer evidence to counter

21  showing).

22

23  _____

24      [1]Counsel chosen by members of the Shaw Group did not attend the hearing scheduled
    on May 16, 2003.  Further, no member of the Shaw Group submitted a supplemental
25  declaration or any other filing in response to the Court's order of May 16, 2003.

26      [2]Counsel selected by the other moving parties also have substantial experience in the
    field.
27

28      [3]Keith, now retired, previously worked as an officer for a subsidiary of Gulf & Western
    Company and also owned a mobile home business for several years.  (See id.)

                                          3

CONCLUSION

1. Charles E. Keith's motion for appointment as lead plaintiff is hereby GRANTED.

2. Keith's selection of Weiss & Yourman and Bernstein Liebhard & Lifshitz, LLP, as counsel to represent the class is, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), hereby APPROVED.

3. Carpenters' Pension Fund Group's motion for appointment as lead plaintiff is hereby DENIED.

4. Shaw Group's motion for appointment as lead plaintiff is hereby DENIED.

5. Keith shall file a consolidated class action complaint within 45 days of the date of this Order.

6. All counsel are reminded of their obligation, pursuant to the Court's Standing Orders, to provide a paper copy of each document filed electronically no later than noon on the day after the document is filed electronically. The paper copies shall be marked "Chambers Copy" and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and "E-Filing Chambers Copy."

This order closes Docket Nos. 17, 24, and 32.


**IT IS SO ORDERED.**


Dated: June 17, 2003                    /s/ _____
                                        MAXINE M. CHESNEY
                                        United States District Judge